MANDATE

12-816-cv
Marsha Peshkin v. Jeanne Levy-Church, et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

1      At a stated term of the United States Court of Appeals
2  for the Second Circuit, held at the Daniel Patrick Moynihan
3  United States Courthouse, 500 Pearl Street, in the City of
4  New York, on the 21st day of December, two thousand twelve.
5
6  PRESENT: DENNIS JACOBS,
7                   Chief Judge,
8           PIERRE N. LEVAL,
9           GUIDO CALABRESI,
10                  Circuit Judges.
11
12 - - - - - - - - - - - - - - - - - - - -X
13 In re: Bernard L. Madoff Investment
14 Securities, LLC
15 ----------------------------------------
16 MARSHA PESHKIN,
17          Plaintiff-Appellant,
18
19       -v.-                                                    12-816-cv
20
21 JEANNE LEVY-CHURCH; FRANCIS N. LEVY;
22 and IRVING H. PICARD, Trustee for the
23 Liquidation of Bernard L. Madoff
24 Investment Securities LLC,
25          Defendants-Appellees.
26 - - - - - - - - - - - - - - - - - - - -X
27

MANDATE ISSUED ON 01/15/2013

| | | |
|---|---|---|
| 1 | **FOR APPELLANT:** | Helen Davis Chaitman, Becker & Poliakoff, LLP, New York, New York. |
| 5 | **FOR APPELLEES JEANNE LEVY-CHURCH AND FRANCIS N. LEVY:** | Cary Bruce Lerman, (Dereck J. Kaufman, Melinda Eades Lemoine, Carl Holliday Moor, Fred Anthony Rowley on the brief), Munger, Tolles & Olson LLP, Los Angeles, California. |
| 12 | **FOR APPELLEE IRVING H. PICARD:** | David J. Sheehan, (Seanna R. Brown, on the brief), Baker & Hostetler LLP, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Batts, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

This is an appeal from a decision of the United States District Court for the Southern District of New York (Batts, J.) affirming the Bankruptcy Court's (Lifland, J.) denial of a motion under Federal Rule of Civil Procedure 60(b) in proceedings related to the Bernard Madoff fraud. Marsha Peshkin and a large group of other Madoff customers ("the Customers") moved to vacate the approval of a settlement between the Trustee of the bankruptcy estate of Bernard L. Madoff Investment Securities, LLP ("BLMIS") and the heirs of Norman Levy, a large customer of BLMIS. The Customers argue that the Trustee failed to disclose $100 billion of relevant transactions between Levy and BLMIS before seeking approval of the settlement. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a denial of a Rule 60(b) motion for abuse of discretion. See Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 729 (2d Cir. 1998) (internal quotation marks

omitted). "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." United States v. Int'l Broth. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001). "We look through the district court to the bankruptcy court's decision." In re DBSD N. Am., Inc., 634 F.3d 79, 94 (2d Cir. 2011). We therefore "must review the bankruptcy court's findings of fact and conclusions of law independently." In re Vebeliunas, 332 F.3d 85, 90 (2d Cir. 2003).

    1.  The Customers cannot obtain relief under Rule 60(b)(2) because the Customers have not shown that the new evidence was of "'such importance that it probably would have changed the outcome.'" Int'l Broth. of Teamsters, 247 F.3d at 392 (quoting United States v. IBT, 179 F.R.D. 444, 447 (S.D.N.Y.1998)). Because the $100 billion worth of transactions were offsetting, they could not have altered the possible exposure to liability of the Levy Heirs. Further, the alleged $2 billion margin loan is premised entirely on financial statements that this Court has already deemed fictitious. See In re Bernard L. Madoff Inv. Secs. LLC, 654 F.3d 229, 234 (2d Cir. 2011).

    2.  As to the Rule 60(b)(3) motion, the $100 billion offsetting transactions are irrelevant to the Levy Heirs' total exposure and the existence of the $2 billion margin loan is speculative at best. The Customers therefore failed to show "clear and convincing evidence of material misrepresentations." Fleming v. N.Y. Univ., 865 F.2d 478, 484 (2d Cir. 1989).

    3.  Rule 60(b)(6) is unavailable if, as here, the motion is "premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863 (1988).

For the foregoing reasons, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3